(Decided April 25th, 1866.)

---

## Henry P. Brooks, Trustee, *vs.* David Hays.

FORECLOSURE OF MORTGAGE : CODE, VOL. 2, Art. 4, Secs. 782, &c.—Where a mortgage of realty in the city of Baltimore contains the assent of the mortgagor to the passage of a decree for foreclosure, as authorized by the Code, Vol. 2, Art. 4, Sec. 782, a decree passed *after default* is within the meaning and purview of the law.

A sworn statement of the amount due, filed by the mortgagee with his petition, after the forfeiture and before the time of sale, is in compliance with sec. 783 of the same article of the Code.

——: ——: TRUSTEES BOND : PRACTICE IN EQUITY.—The bond required by sec. 783 may be given by the trustee at any time before the sale.

——: ——: TRUSTEES SALE : PRACTICE IN EQUITY.—Where a trustee under a decree for foreclosure inadvertently described one of the lots advertised to be sold as subject to a ground rent of $65, instead of $65.50, the true amount, HELD :

That this furnished no adequate ground for interfering with the sale.

MISTAKE : TRUSTEES SALE : PRACTICE IN EQUITY.—A mistake in the year in one of the advertisements of sale, not calculated to mislead—the advertisement of the same sale in another newspaper being without exception—is an irregularity which the Court may overlook in the ratification of the sale.

APPEAL from the Circuit Court of Baltimore City.

On the 27th of May, 1861, the appellant, as trustee, executed to the appellee a mortgage of certain real estate in the city of Baltimore, and in said mortgage was contained the assent of the mortgagor to the passing of a decree for

the sale of the mortgaged property in accordance with article IV, title "City of Baltimore," secs. 782 to 792 inclusive, of the Maryland Code, volume second.

The mortgage debt became due on the 2nd of May, 1862, and not being paid, the mortgagee on the 18th of June, 1862, filed his *ex parte* petition in the Circuit Court of Baltimore City, accompanying the same with the mortgage, and a statement of his mortgage claim, *sworn to on the 12th of June,* 1862, and asking the passage of decree of foreclosure. On the same day the Court passed a decree for the sale of the mortgaged property, requiring that the trustees appointed to make the sale, *should first file their bond, &c.* That they should then proceed to make the sale, "having given at least three weeks notice by advertisement inserted in such daily newspaper or newspapers, published in the city of Baltimore, as they shall think proper, of the time, place, manner and terms of sale," &c. &c. And in conclusion it was *provided,* "that before the sale hereinbefore decreed shall be made, a statement of the mortgage claim duly verified by affidavit as required by law, be filed in said cause, and any stay created by the stay law and the amendments thereto, shall have ceased to operate."

No statement of the mortgage debt, other than that accompanying the petition for foreclosure, was filed. The trustees bond was not filed until the day of the sale, on which day and before the sale, it was filed and approved.

The sale under this decree was advertised in two of the daily newspapers in Baltimore, in one of which by mistake the day named for the sale was the 9th day of December, 1863, instead of the 9th day of December, 1862 ; but before the sale this mistake was corrected, the correction being made within three weeks from the day of sale.

The sale as made by the trustees was reported by them

to the Court, when the appellant filed the following exceptions thereto :

The above named defendant by way of exceptions to the sales made and reported in this case, and as causes against the ratification of said sales, alleges as follows :

1st. That the trustees named in the decree of sale did not file their bond as required by said decree until the day of sale.

2nd. That notice of said sale was published prior to the execution of the bond of said trustees, and no notice whatever of said sale was published after the execution and filing of the trustees' bond.

3rd. That no affidavit of the amount due on said mortgage was made by the said mortgagee at the time of the instituting of the proceedings in this cause, or at any time thereafter, or after the decree of sale and before said sale was made, as required by law.

4th. That the decree of sale required said trustees to give at least three weeks notice of the time, place, terms and manner of said sale by advertisement to be inserted in such daily newspaper or newspapers published in the city of Baltimore, as they, the said trustees, shall think proper ; and the said trustees, in pursuance of said decree, caused such advertisement to be inserted in the Baltimore American, and the Baltimore Sun, two of the daily newspapers published in Baltimore ; but this exceptant alleges that the said notice, as published in one of said newspapers up to a period short of two weeks before said sale, was variant from the notice as published in the other of said newspapers in this, that the said notice advertised said sale as intended to be made on the 9th day of December, 1863, and the same was only corrected in said advertisement within a period less than two weeks before said sale took place ; the effect of which discrepancy in said advertise-

ment was necessarily to prejudice the sale, and to disregard the terms of said decree as to the notice of said sale.

5th. That the property was misdescribed in the advertisements in this to wit: that the property advertised as beginning at the distance of twenty-two feet from the corner of Ross and Union streets, is advertised as improved by five brick buildings, whereas in fact it was improved by six brick buildings.

6th. That the lot secondly described in said advertisement is advertised as subject to a ground rent of $65, whereas the true rent is $65.50 *per annum*.

7th. That the trustees offered this property for sale in such parcels and lots as prevented it from bringing its fair value.

8th. That there are other errors manifest on an inspection of the proceedings.

9th. That said property was sold at a price grossly inadequate to its market value. And this exceptant prays that said sales and all of them may be set aside.

And afterwards, the said defendant filed the following additional exceptions to wit:

The above named defendant by way of further and additional exceptions to the sale made and reported in this case, and as causes against the ratification of said sales alleges as follows:

1st. That the annuity or sub-rent of $26.25, reported to have been sold, was severed from the ground or lot out of which it issued, and sold thus severed from the lot.

2nd. That there are other important errors, besides those mentioned in the exceptions filed on the 12th January, 1863, in the description of the property in the advertisement of sale, manifest on the inspection of the mortgage filed as an exhibit with the petition in the cause.

3d. That in other respects the property as sold was mis-

described, and afterwards the defendant filed the following further and additional exception to wit:

The above named defendant by way of further additional exception to the sale made and reported in this case, and as cause against the ratification thereof, alleges as follows: That the petition and mortgage were filed in this cause on the 18th June, 1862, which was subsequent in point of time to the period limited in said mortgage, for the forfeiture of said mortgage, after which period it was not competent for this Court to proceed to decree a sale of the mortgaged premises in this proceeding, or in any mode, except according to the usual course of proceeding in Chancery Courts.

After a hearing, the Court (KREBS, J.,) passed an order overruling all the exceptions but the 5th, which was sustained, and the sale of the lot of ground covered by that exception was set aside. This appeal is taken by the mortgagor from the order overruling the other exceptions.

This cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*R. J. Brent* and *J. L. Brent* for the appellant.

By an analysis of Art. 4, secs. 782 to 792, in 2nd Code, it will be seen that by virtue thereof the whole power of the Court is to decree a sale upon application by the mortgagee, "at any one of the periods limited in said conveyance for forfeiture of said mortgage or limited for a default of the mortgagors."

By section 783, the trustee shall, after giving bond and security, and after the arrival of the period limited by the decree, sell; and by same section, the mortgagee or his assignee is to verify on oath, and file in Court, the amount due, and such verification is to be made after the period

limited as aforesaid, (that is in the decree,) and before the sale.

By section 784, such sales, if ratified, are to have the same effect as if made under decrees between proper parties, and in the usual course, &c.

Article 4, sections 782 and 792, (of the 2nd volume of Code,) is copied from the Act of 1833, ch. 181. The proceeding is nothing more or less than an *ex parte* statutory foreclosure of a mortgage, and being a summary proceeding without notice or summons, it clearly falls under the principle of law which forbids the exercise of jurisdiction by the Court, unless every direction of the law is strictly complied with. *Boarman vs. Israel,* 1 *Gill,* 372. *Savage Man. Co. vs. Owings,* 3 *Gill,* 497. *Emery et al. vs. Owings,* 7 *Gill,* 429. *Winchester vs. The Union Bk. of Md.,* 2 *G. & J.,* 73. *Clarke & Jackson vs. Bryan & Lunt.,* 16 *Md. Rep.,* 177.

The case of an *ex parte* statutory foreclosure, stands on a footing with tax sales, and any irregularity will vitiate. It is decided in 7 *Hill,* 433–4, that statutory foreclosures of mortgages are to be strictly in conformity with the law, or they are void. And to same effect see 7 *Blackford,* 12. 7 *Gray,* 202. 28 *Maine,* 336. 9 *Barb.,* 278. 20 *New York,* 354. The irregular foreclosure operates as an assignment of the mortgagee's interest to the purchaser. See *Walker's Ch. R.,* 494. 2 *Hilliard on Mort.,* 48.

There must therefore be strict proof of the fulfillment of every legal requirement. Our objections to the ratification of this sale are as follows:

1. The decree was obtained after the day limited for the payment of the mortgage debt, and no power is vested in the Court to make such a decree under Art. 4, secs. 782 and 792 of the 2nd Code. This point was expressly ruled by this Court in a case arising under the same words as found in the Act of 1833, ch. 181. *Kenly vs. Bierman,* 18 *Md. Rep.,* 303.

The Act of 1839, ch. 9, was enacted to supply the "*casus omissus*" in the Act of 1833, ch. 181, but this amendatory Act is not adopted in the Code. See Act of 1839, ch. 9.

2. The affidavit of debt due, must be made after the decree, and strictly it should be on the day limited for the sale, while here it is made before the filing of the petition for sale. *2nd Code, pp.* 308, 783.

That the affidavit must be strictly made as required by the law, see *Gatchell, &c., vs. Presstman et al.*, 5 *Md. Rep.*, 163. 20 *N. York Rep.*, 354.

3. The trustees advertised before they bonded, which is not in compliance with the terms of the decree, nor had they any authority to advertise the sale until their bond was filed and approved.

We do not consider the adverse case decided by Chancellor JOHNSON in 4 *Md. Ch. Dec.*, 309, to be analagous to the present. Because the purchaser sought to avoid the sale which was advantageous to the parties in interest, and being advantageous to the parties in interest, they could hold the purchaser to it on the case of *Glenn vs. Clapp*, 11 *G. & J.*, 8. Nor do we think that this decision of the distinguished Chancellor was made with his usual care and investigation. He seems to have overlooked the fact that irregularity would vitiate the proceeding, because the foreclosure was under a special jurisdiction, and without notice to the mortgagor. The case decided by this Court in 5 *Md. Rep.*, 163, seems to conflict fatally with this decision of the learned Chancellor, which is opposed to the whole current of authorities. It matters not in what part of the proceedings irregularity is found, the effect is to vitiate the whole. Here the decree of sale expressly requires that " they shall first file a bond," &c., " and then proceed to make the sale, having given at least

three week's notice," &c. The plain import of this decree is that they shall do nothing until they give approved bond, and it is a fatal departure from the decree that they advertised the sale before they had bonded.

4th. There is no proof that the sale was advertised for three weeks, as required, except the general recital in the reports of sales "that having, in all respects, complied with said decree, they did pursuant to previous notice," &c. There is no direct affirmation that they advertised for three weeks as required, and they might be mistaken when they report a general compliance.

The Supreme Court of the United States have held that the general recital in the deed of the marshal who had sold for taxes, that he had complied in all respects, was not sufficient evidence of such compliance in a summary proceeding of that character. 4 *Wheaton*, 75. And this case in 4 *Wheaton* is a strong authority to show the necessity of a strict observance of all the requirements in summary proceedings of this character. We also refer on the same point to *Games vs. Stiles*, 14 *Peters*, 331. These views show that the Court erred in overruling the 1st, 2nd and 3rd exceptions. And also erred in overruling the last exception filed.

5th. The trustees failed to meet by proof our 4th exception, which assails the advertisement, because it was altered two weeks before the sale. If the facts were as alleged in this 4th exception, the advertisement was fatally defective, and there should have been proof of its having been duly published for the length of time required by the decree, as the *onus* was on the trustees to overcome our exception by proof, and yet the Court overruled the 4th exception without any proof whatever being adduced to support the correctness of the advertisement thus put in issue. If the advertisement in one of the newspapers,

notified the sale for the 9th day of December, 1863, instead of 1862, it was clearly prejudicial to the sale. *Rawlings vs. Adams*, 7 *Md. Rep.*, 44, *Act of* 1836, *Ch.* 249.

6th. The Court erred in overruling our sixth exception, and first and second additional exceptions for the reasons therein stated. Our first additional exception was right and should have been sustained. The annuity or sub-rent of $26.25 appears to have been advertised and sold, but not the ground rent out of which it issued. The trustees had no right to make such a severance ; and the lot now stands in this condition ; that the administratrix of Lawn holds all the interest that a sub-lessor has, except the mere right to.the naked annual sum of $26.25. If the purchaser ever has more than this right, he must get it by a deed from the trustees, or by enforcing the execution of such a deed, by a proceeding in equity. How far this mistake may have affected the bidding can only be matter of conjecture.

Our second additional exception should have been allowed, because the advertisement of the fourth piece of property does not coincide with the deed.

1st. Because it describes the property as binding from a certain corner, south-westerly on Ross street, while the deed makes it bind north-westerly.

2nd. Because it runs the second line parallel with Union street one hundred feet, which is wholly variant from the line in the deed.

Such defects must seriously have affected the biddings— they are covered by the terms of our second additional exception, and if not sufficiently pointed out, this Court must look to the regularity of all the proceedings on the question of jurisdiction.

Again, the report of sales states that there were six instead of five houses, on the seventy-three feet lot on Ross street, thirdly described, but the advertisement

places the five buildings on the Biddle street property, secondly described. If this report be true, there were no improvements in fact on the Biddle street property, secondly described, or if there were such improvements they are not properly described. Besides, this lot is advertised as subject to a ground rent with the next below described lot of $100, whereas the deed shows it is subject alone to a ground rent of $65.50.

In conclusion, we observe that all proceedings in which no notice is given, are void, so far as they operate *in personam.* 14 *How.,* 334. 6 *How.,* 186. 5 *Johns.,* 57. And the Court has decided the same principal in *Clarke & Jackson vs. Bryan et al.,* 16 *Md. Rep.,* 178.

It therefore results that in a proceeding *in rem* there must be the strictest compliance with the directions of the law. No man's property can be taken from him without an opportunity or notice to him, that he may intervene for the protection of his rights. 5 *Wendell,* 157. 14 *How.,* 341. *Flowers vs. Forman,* 23 *How.* The allegation of a jurisdictional fact on the record does not estop a party from controverting the jurisdiction. 5 *Wendell,* 161. 4 *Connecticut Rep.,* 280. The purchaser in such a case buys at his peril. *Hollingsworth vs. Barbour,* 4 *Peters,* 475. In proceedings *in rem* the seizure gives jurisdiction, but here there being no seizure, in fact, the only ground for jurisdiction is in a strict observance of all legal requisites.

*Thomas Donaldson and J. J. Snyder,* for the appellee, argued:

1st. That the trustees named in the decree in this case, conformed their action and proceedings to the requirements of said decree and the law, and will here maintain that their bond was filed in abundant time. *Speed vs. Smith & Boyle,* 4 *Md. Ch. Dec.,* 299.

Brooks, Trustee *vs.* Hays.

2nd. That the advertisement relied upon by the exceptants as defective, is regular, and a sufficient compliance with said decree. 2 *Md. Code, Art.* 4, *secs.* 786, 787. *Hays vs. Dorsey,* 5 *Md. Rep.,* 99. *Robertson vs. Am. Homestead Association,* 10 *Md. Rep.,* 407.

3rd. That if exceptions numbered 4th, 7th and 9th, could avail the exceptants, if made out, still there is no evidence to sustain them or either of them. 2 Code, Art. 4, secs. 786, 787.

4th. That if it be true as stated in exception 6th, that said ground was advertised as being subject to a lesser rent than was actually reserved, yet that this furnishes no ground to set aside the sale, provided the purchaser makes no objection, as in this case.

5th. We contend, that under the existing Statutes of Maryland it was perfectly competent for the mortgagee to apply for and obtain his decree, at the time and in the manner and form in which he did, and that the case of *Kenly vs. Wierman's Exc'rs,* 18 *Md. Rep.,* 302, does not hold a different doctrine. *Hays vs. Dorsey,* 5 *Md. Rep.,* 99. *Ing vs. Cromwell,* 4 *Md. Rep.,* 31. *Art.* 4, 2 *Code,* 782. 1833, *ch.* 181. 1839, *ch.* 9, *sec.* 3.

6th. That the affidavit of the amount due on said mortgage is pursuant to law, both as to time and form. *Ing vs. Cromwell,* 5 *Md. Rep.,* 99. *Gatchell vs. Presstman et al., Id.,* 163. *Robertson vs. Am. Homestead Association,* 10 *Md. Rep.,* 407. *Cunningham vs. Schley,* 6 *Gill,* 207. A trustee's sale may be ratified though the terms prescribed by the decree may not have been complied with, if the reasons for the ratification are more satisfactory than those offered against it.

Exception numbered 5th, of original, and No. 1, of additional exceptions, have no application to this appeal.

WEISEL, J., delivered the opinion of this Court.

The principal exception to the sales reported in this case, and ratified by the Court below, is that which denied the jurisdiction to it to pass the decree, on the ground that the period limited in the mortgage for its forfeiture had previously expired, and that under the provisions of the Code referred to in the mortgage, no decree could take place except at a time prior to such forfeiture.

This Court has already disposed of this question in the appeals of *Black vs. Carroll*, and *Frank vs. The Teutonia Building Association* at the last term, (*ante pp.* 251 & 259) in which it held that decrees passed after default were within the meaning and purview of the provisions of the Code upon this subject, and can be sustained. We need only here refer to the opinions of the Court filed in those cases for its views on this question.

We also think that the affidavits of the mortgagee filed in the case were in compliance with the Code requiring such a verification of the amount due upon the mortgage. It was made at the time the petition was prepared, and filed with it, and after the forfeiture of the mortgage, and consequently before the time of sale. The purpose of the provision was accomplished by it—a sworn statement of the amount due after the forfeiture and before the time of sale. 5 *Md. Rep.*, 163. 10 *Md. Rep.*, 407.

The trustees did not file their bond until the day on which they advertised the sales to take place, the decree prescribing that they should first file a bond to be approved, and then proceed to make sale, having given at least three weeks notice, &c. And it is objected that this was a fatal irregularity, at variance with the terms of the decree. Neither the language of the Code (sec. 783,) nor that of the decree requires the filing of the bond before publishing of the advertisement of sale. Looking at both, the filing of the bond on the day of, but before the sale, might be regarded as no deviation from either. But we

think the late Chancellor JOHNSON, of this State, has furnished the true grounds and reasons for meeting the objection in a case of trusteeship like this. The trustee in this case was the agent and appointee of the Court, and a strict observance of its terms may be dispensed with in this as well as other particulars, in proceeding to ratify a sale made by him, care being taken that the requirements of the law are substantially complied with, and the interests of all parties fully protected. *Speed vs. Smith*, 4 *Md. Ch. Dec.*, 309, 310. In this case a bond was filed and approved before the sales were made.

We agree also with the Court below that the inadvertence of advertising one of the lots as subject to a ground rent of sixty-five dollars, instead of sixty-five dollars and fifty cents, the true rent, had no tendency to injure its sale. On the contrary, its tendency would be to improve it, and the purchaser, if any one, would be the party most apt to complain. He is not before the Court as an objector, and the matter furnishes no adequate ground for interfering with the sale.

The 4th exception, relating to an error in the year in the advertisement published in one of the newspapers selected by the trustees, presents an irregularity which, like that of the bond, the Court could overlook on the ratification. The advertisement in one of the newspapers is without exception, and by the terms of the decree a publication of the notice in one daily newspaper would have been sufficient. The mistake, however, in the one objected to was of such a nature as not to mislead any one of ordinary care in its perusal.

We think there is nothing material in the other objections to the sale, and that the order of the Court below, from which the appeal was taken, should be affirmed, with costs to the appellee.

*Order affirmed, and cause remanded.*

(Decided April 26th, 1866.)